```
UNITED STATES DISTRICT COURT         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK        DOCUMENT
------------------------------x      ELECTRONICALLY FILED
                              :      DOC #: _____
RYAN CHANDLER,                :      DATE FILED: 8/14/17
                              :
               Plaintiff,     :
                              :
       - against -            :      14 Civ. 1394 (TPG)
                              :
                              :           OPINION
THE CITY OF MOUNT VERNON,     :
DETECTIVE ALLEN PATTERSON,    :
INDIVIDUALLY, and OFFICER WENDELL :
GRIFFIN, INDIVIDUALLY,        :
                              :
               Defendants.    :
------------------------------x
```

Plaintiff Ryan Chandler brings this § 1983 action against the City of Mount Vernon ("Mount Vernon"), Detective Allen Patterson and Officer Wendell Griffin, both of the City of Mount Vernon Police Department (the "Mount Vernon Police") (collectively "Defendants"), alleging excessive force. Chandler also brings state law claims. Defendants move for summary judgment on all claims. For the reasons set forth herein, Defendants' motion is denied.

## BACKGROUND

On March 24, 2012, Ryan Chandler was walking in the vicinity of Fourth Street and South Seventh Avenue in Mount Vernon when Mount Vernon Police officers observed him and suspected that he was in possession of crack cocaine. (Deposition of Allen Patterson (hereinafter "Patterson Dep."), Ex. L to Gorson Decl., ECF No. 33, at 12:14–24, 14:3–20.) A Mount Vernon Police officer directed Chandler to get on the ground, but he turned and fled. (Deposition of Ryan Chandler (hereinafter "Chandler Dep."), Ex. K to Gorson

1

Decl., at 28:3–24.) A chase ensued. (Chandler Dep. at 29:9–18; Patterson Dep. at 18:24–19:17.) Officer Griffin caught up to Chandler and tackled him, throwing him to the ground. (Chandler Dep. at 33:8–18; Patterson Dep. at 20:4–9.) Several other Mount Vernon Police officers were on the scene, including Detective Patterson. (Ex. E to Gorson Decl.; Chandler Dep. at 33:12–18.)

Chandler states that while he was handcuffed, lying flat on the ground, and submitting to arrest, the officers beat him, hit him with blunt objects, and held his throat so hard that he "was getting lightheaded." (Chandler Dep. at 29:19—30:17, 34:18–35:14, 37:17–25.) The officers present at the time of the arrest recall the incident differently, reporting that Chandler was kicking and flailing his arms in an attempt to keep the officers from handcuffing him while he was on the ground. (Patterson Dep. at 20:4–24:6; Ex. E to Gorson Decl..) Detective Patterson and Officer Griffin acknowledge that there was a "brief struggle," (Defs. 56.1 ¶ 17), but maintain that the officers did not hit or beat Chandler (Patterson Dep. at 26:15–27:9).

Chandler received medical attention at the Montefiore Mount Vernon Hospital following the incident. (Defs. 56.1 ¶ 20.) The hospital records reflect that Chandler complained of "leg and body pain," stating that "he was assaulted by the police," was "hit in the [right] posterior thigh and lower leg with a stick," "was stomped on the face and hurt his [left] face," and "vomited once in the cell." (Ex. O to Gorson Decl..) The medical examination indicated

bruising on Chandler's face and lower leg, and a contusion on Chandler's lower thigh. (Ex. O to Gorson Decl..)

Chandler was charged with tampering with physical evidence in connection with the incident and subsequently pled guilty to attempting to tamper with physical evidence. (Def.'s 56.1 ¶ 29.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the evidence demonstrates no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see e.g., Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 498 (2d Cir. 2001). A fact is material if it will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists where "the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Harlan Assocs.*, 273 F.3d at 498 (citations omitted). The moving party bears the burden of showing that there is no genuine dispute of material fact, *Liberty Lobby*, 477 U.S. at 256, and the non-moving party can overcome summary judgment by presenting sufficient admissible evidence to create a genuine dispute, *Harlen Assocs.*, 273 F.3d at 499. At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party and draws all permissible inferences in its favor. *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). The court's role is not to resolve factual disputes but to determine whether there are any factual issues to be tried. *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010).

# DISCUSSION

A. <u>Detective Patterson and Officer Griffin</u>

Detective Patterson and Officer Griffin argue that they are entitled to summary judgment because they (1) were not personally involved in the incident and (2) did not use excessive force. They maintain that Chandler has not raised a genuine factual dispute as to either issue. Lastly, they argue they are entitled to qualified immunity. The court disagrees.

Chandler has raised a genuine factual issue as to whether Detective Patterson and Officer Griffin were personally involved in the incident. A defendant is personally involved if he directly participated in the deprivation of plaintiff's constitutional rights or was present and failed to intervene. *Russo v. DiMilia*, 894 F. Supp. 2d 391, 414 (S.D.N.Y. 2012); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997). "A plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene," *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003), especially where the circumstances "are likely to have prevented plaintiff from identifying which . . . defendant officers specifically engaged in the bad acts," *Gonzalez v. Waterbury Police Dep't*, 199 F. Supp. 3d 616, 621 (D. Conn. 2016) (citations omitted). Detective Patterson and Officer Griffin were present at the time of Chandler's arrest. Chandler alleges that they either beat him or failed to intervene. Furthermore, Chandler contends that he was lying on his chest while he was beaten, making it impossible for him to see which officers participated. Based on this evidence, a reasonable jury could conclude that

4

Detective Patterson and Officer Griffin were personally involved in the deprivation of Chandler's constitutional rights.

There are also material factual disputes pertaining to Detective Patterson and Officer Griffin's use of force during Chandler's arrest. A claim that law enforcement officers used excessive force during an arrest is analyzed under the Fourth Amendment. *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). In evaluating the reasonableness of the force used, the court takes into account the totality of the circumstances, including "(1) the nature and severity of the crime leading to the arrest, (2) whether the subject poses an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* at 96 (citations omitted). "[T]he force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened against the officer." *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000).

"[E]xcept for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force and state law assault and battery claims are] substantially identical." *Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009) (alteration in original) (quoting *Posr v. Doherty*, 944 F.2d 91, 94–95 (2d Cir. 1991)).

A genuine factual dispute exists as to whether Chandler was resisting arrest while he was on the ground and as to the amount of force used by the

officers at the scene. Therefore, Detective Patterson and Officer Griffin's motion for summary judgment on Chandler's § 1983 and state law assault and battery claims is denied.

Detective Patterson and Officer Griffin argue that even if summary judgment is precluded on Chandler's excessive force claim, they are entitled to qualified immunity. In an excessive force case "[w]here the circumstances are in dispute, and 'contrasting accounts . . . present factual issues as to the degree of force actually employed and its reasonableness,' a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity." *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002) (alteration in original) (quoting *Kerman v. City of New York*, 261 F.3d 229, 239 (2d Cir. 2001)). Accordingly, Detective Patterson and Officer Griffin are not entitled to qualified immunity.

B. Mount Vernon

Mount Vernon seeks summary judgment on the ground that Chandler voluntarily withdrew his § 1983 municipal liability claim in the Second Amended Complaint. (*See* ECF No. 19.) But Chandler also asserts state law claims, (ECF No. 26, ¶ 28), and "New York courts have held municipalities liable under a theory of *respondeat superior* for . . . assault and battery claims," *Graham v. City of New York*, 928 F. Supp. 2d 610, 626 (E.D.N.Y. 2013) (collecting cases). Chandler's assault and battery claims against Detective Patterson and Officer Griffin survive summary judgment, *see supra,* and Mount

6

Vernon can potentially be held vicariously liable for those state law torts, making summary judgment in favor of Mount Vernon improper.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 32.

SO ORDERED

Dated: New York, New York
       August 14, 2017

Thomas P. Griesa
U.S. District Judge